UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : |
| | : Criminal No.06-102-10(JDB) |
| | : |
| v. | : |
| | : |
| | : |
| | : |
| **WAYNE PIERRE, ET AL** | : |

<u>**MOTION TO SEVER DEFENDANT**</u>

The defendant Wayne Pierre, through undersigned court-appointed counsel, and pursuant to Rule 14 of the Federal Rules of Criminal Procedure, respectfully moves this Court for entry of an Order granting him a severance from trial with the codefendants in this case and a separate trial.

**MEMORANDUM OF POINTS AND AUTHORITIES IN**
<u>**SUPPORT OF MOTION FOR SEVERANCE**</u>

<u>**STATEMENT OF FACTS**</u>

Defendant Wayne Pierre is joined for trial with defendants Anderson Straker, Christopher Sealey, and Kevin Nixon. With respect to two of the defendants, Anderson Straker and Christopher Sealey, the government provided copies of statements they made after their arrest in Trinidad:(government Bate stamp numbers TT-001913 through TT-001920, exhibit 2 herein, and TT-001908, exhibit 3 herein[1]) made by Christopher Sealey, a/k/a Christopher Bourne;

---

[1] The page is marked 2030 at the top and sequentially follows Ricardo Stevenson's statement and proceeds that of Wayne Pierre.

and,(government Bate stamp numbers TT-001921 through TT-001923, exhibit 4 herein, and TT-001924 through TT-001926, exhibit 5 herein) made by Anderson Straker. The government advised counsel that defendant Nixon made a statement but did not provide a copy of this statement in discovery and further indicated the statement is mostly exculpatory and the government is unsure whether it intends to use the statement at trial. Defendant Pierre also made a statement after his arrest (government Bate stamp numbers TT-001909-TT-001912, which is subject to a separate motion to suppress statements.

**DISCUSSION**

Defendant Pierre argues the defendants should be tried separately. In this regard, Rule 14 of the Federal Rules of Criminal Procedure provides:

> Relief from Prejudicial joinder. If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the Court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice require.

Severance for prejudicial joinder, under Rule 14, is generally within the sound discretion of the trial court. United States v. Lutz, 621 F. 2d 940, 945 (9th Cir. 1980); United States v. Tocco, 200 F. 3d 401 (6th Cir. 2000); United States v. Castillo, 77 F. 3d 1480 (5th Cir. 1966). Nonetheless, severance is an

appropriate remedy, where as here, it is likely that a joint trial will result in "substantial prejudice to the right of the defendants to a fair trial." United States v. Baker, 10 F. 3d 1374, 1387 (9th Cir. 1993) (citing Bruton v. United States, 391 U.S. 123, 131 n. 6 (1968)). Admission of a codefendant's confession at a joint trial where the codefendant does not testify and therefore cannot be cross-examined, violates a defendant's right of confrontation under the Sixth Amendment to the U.S. Constitution. Cruz v. New York, 481 U.S. 186, 189-90 (1987) Lilly v. Virginia, 527 U.S. 116 (1999); Gray v. Maryland, 523 U.S. 185 (1998). A review of both codefendant statements indicate they are facially incriminating to defendant Pierre.  The statement by codefendant Sealey, among other things, discusses how he meets with Ninja (Pierre) to decide the kidnapping of the victim at a bar, the obtaining of guns, and the report by defendant Pierre of the death of the kidnapped victim.  All of this goes to show, defendant Pierre's knowledge, intent, and participation. The statement by defendant Straker, while it does not specifically mention defendant Pierre on its face, does facially incriminate defendant Pierre when linked to additional evidence in the conspiracy relating to Doreen Alexander's role in the alleged offense. Defendant Pierre will be unable to cross-examine defendant Straker concerning his knowledge and relationship to

3

Doreen Alexander, the mother of the victim's child. The statements of Sealey and Straker were made after their arrest and, therefore, cannot be said to have been made in furtherance of any alleged conspiracy. See <u>United States v. Mitchell</u>, 556 F. 2d 371 (6th Cir.), <u>cer</u>t <u>denied</u>, 434 U.S. 925 (1977).

Even without the problems posed by a co-defendant's confession, such as one similar to by defendant Sealey's, a defendant in a joint trial faces a potentially prejudicial situation succinctly summarized by Justice Jackson in <u>Krulewitch v. United States</u>, 336 U.S. 440, 454 (1949): " A co-defendant in a conspiracy trial occupies an uneasy seat. There generally will be evidence of wrongdoing by somebody. It is difficult for the individual to make his own case stand on its own merits in the minds of jurors who are ready to believe that birds of a feather are flocked together."

### **CONCLUSION**

In the absence of the government proposing how to redact these statements and intending to use them, defendant Pierre will be severely prejudiced in being unable to cross-examine defendant Sealey, who fully implicates defendant Pierre by name and role. Likewise, defendant Pierre will be unable to cross-examine defendant Straker as to his association with Doreen Alexander, which is a significant portion of the government's case and which

4

provides the basis and motive for the allege conspiracy in the case and is linked to defendant Pierre. For these reasons, defendant Pierre respectfully requests that his case be severed from the codefendants for further proceedings.

Respectfully submitted,

_____/s/_____
John J. Carney
Carney and Carney
601 Pennsylvania Ave., N.W., Suite 900
Washington, D.C. 20004
(202) 434-8234
Fax No. (703) 323-9760
Bar No. 241-745

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and accurate copy of the foregoing was served, via Pacer, upon Bruce Hegyi, Assistant U.S. Attorney, and other counsel of record.

_____/s/_____
John J. Carney