```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA
```

**UNITED STATES OF AMERICA**         :
                                     : Criminal No.06-102-10(JDB)
                                     :
    **V.**        :
                                     :
                                     :
                                     :
**WAYNE PIERRE, ET AL**              :


## MOTION TO SUPPRESS STATEMENTS WITH SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES

The defendant, Wayne Pierre, respectfully requests this Honorable Court, pursuant to Rule 12 (b) of the Federal Rules of Criminal Procedure, to suppress his statement given on January 28, 2006, to the Trinidad and Tobago authorities. As part of this motion, the defendant requests an evidentiary hearing and a statement of the essential findings of fact on the record.

### Statement of Facts

Pursuant to Rule 16 of the Federal Rules of Criminal Procedure, the government provided defendant with a copy of a four page, handwritten document, evidencing a statement that the defendant gave to Trinidad and Tobago authorities on January 28, 2006. Although the defendant signed the handwritten statement, he did not draft or write that statement. The government has also provided the defendant with a 2-page typed version of that

statement, which, for the Court's convenience, is attached as Exhibit 1.

According to the defendant, he was arrested on January 27, 2006, for the murder of Baram Maharaj and taken into custody. He was held at a local station house together with several other defendants. At the time of his arrest, he was not taken to a judge or magistrate and was held in custody overnight. Again, on the next day, January 28, 2006, the defendant was not presented to a magistrate or Trinidad's functional equivalent; instead, law enforcement officers interviewed the defendant while he was held in physical custody, and the interrogation was conducted without the defendant being fully advised about his right to counsel or that counsel would be afforded to him before being interrogated.

## **DISCUSSION AND MEMORANDUM OF POINTS AND AUTHORITIES**

In seeking suppression of defendant's statement, the defendant notes the government may not make use of any waiver, or any statement, involuntarily obtained from a defendant in violation of the Fifth Amendment, Mincey v. Arizona, 437 U.S. 385, 398 (1977). The government must prove, in addition to formal compliance with Miranda v. Arizona, 384 U.S.467 (1966) that any incriminating statement, obtained from the defendant was given voluntarily. Lego v. Twoney, 404 U.S. 477, 484 (1972); Commonwealth v. Mendiola, 976 F. 2d 475 (9th Cir. 1992). The

government bears a continuing burden to demonstrate voluntariness throughout the course of the interrogation leading to the statement, and the inquiry of necessity involves an evidentiary hearing on the issue. United States v. Batiste, 868 F. 2d 1089, 1092 n. 5 (9th Cir. 1989, citing Jackson v. Denno, 3788 U.S. 368, 376 (1964)). Aside from the voluntariness issue, as the Court is aware, Miranda protects defendants against government coercion leading them to surrender rights protected by the Fifth Amendment. Thus, the government, on a motion to suppress evidence, where a Miranda violation is raised, must prove by a preponderance of the evidence that the defendant voluntarily, knowingly, and intelligently waived Miranda. See Colorado v. Connelly, 479 U.S. 157, 168 (1986). It should be noted that in determining whether an accused validly waived Miranda, a court must consider the particular facts and circumstances involved in the particular case, including the accused's background, intelligence, physical and mental condition, and his conduct. Moran v. Burbine, 475 U.S.412 (1986); Arizona v. Fulminante, 499 U.S. 279 (1991). A waiver of Miranda can be only found "if the totality of the circumstances surrounding the interrogation" reveal both an uncoerced choice and the requisite level of comprehension. Moran v. Burbine, 475 U.S. at 421. Thus, the government may not simply prove a verbal or written waiver. Case law indicates that just

reciting those rights without explanation of the rights and consequences is insufficient. The government must show the defendant was aware of "the nature of the right being abandoned and the consequences of the decision to abandon it. <u>United States v. Garibay</u>, 143 F. 3d 534, 536 (9th Cir. 1998). In the present case, the government has not even submitted a printed written waiver form card indicating defendant's acknowledgment of his rights and assent and thus casting doubt on any claim that he was advised of any rights.

Finally, defendant notes and adopts, the argument presented by defendant Anderson Straker in his motion to suppress statements at pages 8-10 (ECF document 188), that there was a joint venture between Trinidad and the United States in the investigation of the murder of Balram Maharaj. As stated in that motion, a defendant may move to suppress statements made to foreign governments when the conduct of law enforcement officials renders them agents, or virtual agents of the United States. <u>United States v. Bin Laden</u>, 132 F. Supp. 2d 168, 187 (S.D.N.Y. 2001).

For the foregoing reasons, defendant requests the Court to conduct a hearing prior to trial, wherein the government is held to its burden of establishing the defendant's waiver of <u>Miranda</u> and the voluntarinesss of his statement.

Respectfully submitted,

_____/s/_____
John J. Carney
Carney & Carney
601 Pennsylvania Ave., N.W.
Suite 900, South Building
Washington, D.C. 20004
(202)434-8234
Fax (703)323-9760
Bar No. 241-745

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and accurate copy of the foregoing was served, via Pacer, upon Bruce Hegyi, Assistant U.S. Attorney, and other counsel of record.

_____/s/_____
John J. Carney