UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : |
| | : Criminal No.06-102-10(JDB) |
| | : |
| V. | : |
| | : |
| | : |
| | : |
| **WAYNE PIERRE, ET AL** | : |

**MOTION AND MEMORANDUM FOR DISCLOSURE OF BASIS FOR INTENDED USE OF OTHER CRIMES EVIDENCE AND, ALTERNATIVELY, MOTION IN LIMINE**

    The defendant Wayne Pierre, through undersigned court-appointed counsel, respectfully moves this Court for entry of an Order requiring the government to further specify the items of information in connection with each of the four intended "other crimes" evidence set forth in the "Government's Notice of Intention To Introduce Evidence Pursuant to Fed.R.Evid. 404(B)." (ECF Document (199) The four items of evidence are: the hostage – taking of Kazim Rahim; the hostage-taking of Dexter Jagdeo; the hostage–taking of Robin Ramadar; and, the hostage-taking of Gerald Gopaul.

    In support of this motion, defendant submits the following:

    1.   The "Government's Notice of Intention To Introduce Evidence Pursuant to Fed. R. Evid. 404 (B) specifies that it intends to offer the four other kidnapping as evidence at trial pursuant to Rule 404 (B), Federal

rules of Evidence. The defendant is unable to determine the exact purpose for which the government intends to introduce these four kidnappings, and for what element of proof they are allegedly meant to support. The government states only cryptically the use will be relevant to show "defendant's intent, knowledge, absence of mistake, motivation, and background of conspiracy." (ECF 199 at 1) Thus, the government's recitation of the basis for introduction of the four kidnappings is only a recitation of the typical purpose for which Rule 404 (B) sometimes allows the Court to permit the government to introduce such evidence at trial and does not establish the particular basis for its admission in this case for each item of evidence. Without such further information, the Court cannot make the appropriate judgment as to the admissibility of the evidence by balancing the prejudice and probative value of the information under Rule 403, Federal Rules of Evidence, nor craft appropriate limiting instructions as to how the evidence should be used by the jury should the Court allow the introduction of such evidence. Likewise, the defendant is unable to determine the material element as to which the evidence relates such as intent, knowledge, motive, or any other

2

      element of the charge so to defend against the evidence.

2. Since the government has failed to carry its burden to demonstrate the basis for admissibility of the other crimes evidence it has identified in its notice, if further disclosure is not made, defendant requests that the information be excluded as not meeting the threshold requirements of Rule 404 (B).

In support of this motion, defendant submits the following memorandum of points and authorities.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR DISCLOSURE OF BASIS FOR INTENDED USE OF OTHER CRIMES EVIDENCE AND, ALTERNATIVELY, MOTION IN LIMINE**

In order for "other crimes" evidence to be admissible under 404(b), Federal Rules of Evidence, 1)"a material issue on which [the] other crimes evidence may be admissible," must be raised by the charges to be litigated, 2) the evidence of the "other crimes" must be clear and convincing," and 3) must "relate to wrongdoing 'similar in kind and reasonably close in time to the charge at trial.'" U.S. v. Burchinal, 657 F. 2d 985 (8th Cir. 1981) (citing U.S. v. Frederickson, 601 F. 2d 1358 (8th Cir. 1979). If these threshold requirements are met, the defendant contends the evidence of other crimes must undergo the scrutiny imposed by Rule 403, Federal Rules of Evidence, to determine whether the probative value is substantially outweighed by the unfair prejudice."

3

Defendant contends that the trial court in making the specific findings for each of these criteria for the government's given reason of admission, the defendant will be shown to be substantially prejudiced in the admission of that evidence.

As previously noted, defendant contends the government' pretrial disclosure of evidence, pursuant to the Order of the Court, is inadequate and not in accordance with the recommendation outlines in U.S. Foskey, 636 F. 2d 517 (D.C. Cir. 1980). The government shall specify which criteria for admissibility, pursuant to Rule 404 (b), Federal Rules of Evidence, it will rely in proffering this evidence.  Until such position is known to the defendant, the balancing of prejudice and probative value cannot be undertaken except in an abstract manner as briefly stated below.

As a first matter, it is well established that the Courts have established that certain categories of crime can create severe prejudice; by their very nature, these crimes can be highly and unusually inflammatory. For example, murder, death threats, weapons offenses, sex crimes. U.S. v. Gubelman, 571 F. 2d 1252 (2d Cir. 1978); U.S. v. Murray, 103 F. 3d 310 (3d Cir. 1997) (uncharged murder); U.S. v. Vargas, 702 F. Supp. 70 S.D. N.Y. 1988); U.S. v. Thomas, 86 F. 3d 627 (7th Cir. 2003). Defendant contends that the four other kidnappings falls within the

4

categories of evidence that can create and will create severe prejudice; particularly where one of the kidnappings resulted in a death.

Defendant next points out that the four other kidnappings, at least as to the facts set forth in the government's notice, do not involve a peculiar or common modus operandi, so as to fall within some form of 404 (b) identity basis. In the present charge, the defendant is alleged to have kidnapped an American citizen. The other four kidnappings do not involve American citizens. Moreover, there is not a common location for the kidnappings, techniques, or method used so as to be similar to the present charge. It is also often said that it is not enough that there are some similarities between the crimes sought to be admitted as other crime evidence. <u>U.S. v. Myers</u>, 550 F. 2d 1036, 42 A.L.R. Fed 855 (5th Cir.1977). The crimes should have a startling resemblance such that the judge would conclude the same person committed both crimes. <u>Britton v. Rogers</u>, 631 F. 2d 572 (8th Cir. 1980). A reading of the government's Notice of four other alleged kidnappings indicate that the only points of similarity are that they were kidnappings but little more. In one instance, the defendant is alleged to have been involved with another codefendant in one of the kidnappings but not the other three kidnappings. Further, the other two codefendants are not alleged to have participated in any

5

of the other kidnappings alleged against defendant Pierre.

Defendant also observes that the four other kidnappings did not result in any conviction. A conviction is reliable, trustworthy evidence of the defendant's commission of the uncharged act. In this respect, the lack of even an arrest on the alleged kidnappings, let alone a conviction, reduces the probative value of the uncharged misconduct evidence. Given the foregoing, it is clear that the only purpose for introducing the four other alleged kidnappings is to introduce character or propensity evidence and not identity evidence.

As a final consideration, the government's introduction of the four other kidnappings in their case-in-chief and the defense rebuttal will necessarily prolong the trial, and result in "confusion of the issues…undue delay, waste of time, or needless presentation of cumulative evidence." Defendant anticipates that to rebut the alleged other crimes several constables and inspectors would have to be called regarding their investigation and defendant's non-participation.

For these reasons, defendant requests the Court to Order the government to provide a more thorough statement of the basis for the admission of the other crimes evidence or, alternatively, <u>in limine</u>, to preclude the admission of such evidence.

Respectfully submitted,

_____/s/_____
John J. Carney
Carney and Carney
601 Pennsylvania Ave., N.W., Suite 900
Washington, D.C. 20004
(202) 434-8234
Fax No. (703) 323-9760
Bar No. 241-745

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and accurate copy of the foregoing was served, via Pacer, upon Bruce Hegyi, Assistant U.S. Attorney, and other counsel of record.

_____/s/_____
John J. Carney