UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**UNITED STATES OF AMERICA**

V.                                                                                  Criminal No: 06-102 (JDB)

**ANDERSON STRAKER**

### DEFENDANT'S SECOND MOTION TO COMPEL DISCOVERY

Defendant, by and through undersigned counsel, Steven R. Kiersh, seeks an Order from this Court compelling the United States to disclose certain requested information. In support thereof, defendant sets forth as follows:

1. A key part of the United States' case against defendant are statements purportedly made by him to Trinidadian officials and F.B.I. agents in Trinidad and to the F.B.I. while he was being extradited to the United States. Those statements are the subject of a Motion to Suppress Statements. The statements have heightened significance as there is no forensic evidence linking defendant to the crimes charged in the indictment.

2. In order for defendant to have the statements made to Trinidadian authorities suppressed, he must be able to show the existence of a joint venture in the investigation of the kidnapping of Balram Maharaj between Trinidadian officials and those of the United States. See *United States v. Bin Laden, 132* F. Supp. 2d 168, 187 (S.D.N.Y. 2001).

3. On April 14, 2008, in an effort to discover information pertaining to the existence of a joint venture, defendant sent a letter to Assistant United States Attorney Bruce Hegyi seeking the following information. "I am requesting to be provided with copies of any and all correspondence, memoranda,

or any other written documentation between the United States and Trinidad/Tobago that relates to the murder of Balram Maharaj." On June 9, 2008 Defendant sent a letter to Mr. Hegyi noting as follows: " On April 14, 2008, I sent you a letter seeking copies of any and all correspondence, memoranda or any other documentation between the United States and Trinidad/Tobago that relates to the investigation of Mr. Maharaj's murder. I have not yet received a response from you."

4. A very similar situation existed in *United States, v. Karake*, et al., U.S. District Court for the District of Columbia, Case No. Cr. 02-256 (ESH). Therein, citizens of Rwanda were charged with murdering American citizens in Uganda. The evidence against the defendants consisted of a series of statements made to Rwandan and United States authorities while in a Rwandan prison. The defendants challenged the admissibility of the statements arguing that they were both involuntary and a product of a joint investigative venture between the United States and Rwanda. In an attempt to substantiate the joint venture claim for purposes of litigating a pretrial Motion to Suppress Statements, a request was made for documents concerning the advice, assistance, requests, or any other communication between the government of the United States and the government of Rwanda relating to the defendant's investigation and apprehension. Judge Huvelle required disclosure of the requested information for the following reasons:

> Defendants are entitled to evidence that may demonstrate cooperation between the United States and Rwandan governments sufficient to reveal an agency relationship so that they can, if appropriate, raise constitutional challenges. The government must disclose any evidence it has, or can obtain by good faith efforts, that Rwandan officials were operating as agents of the United States government, including but not limited to information that de- fendants were held at U.S. officials' request or were questioned at U.S. officials' direction.

*United States v. Karake*, 281 F. Supp. 2d 302, 209 (D.D.C. 2003). citations and internal quotations omitted.

5. It is clear that there was some level of cooperation between the United States and Trinidad in the investigation of the kidnapping of Balram Maharaj. Defendant was jointly interviewed by law

enforcement officials of the two governments, officials from both countries recovered the body parts of Mr. Maharaj and performed a joint autopsy, the United States issued a press release to the media in Trinidad concerning the kidnapping, and agents of the F.B.I. have visited Trinidad on many occasions to work in tandem with the Trinidadian police to investigate the crimes charged in the indictment.[1] Defendant now seeks the remaining documentation between the United States and Trinidad that evidences advice, assistance, requests and communications in the investigation of the kidnapping of Balram Maharaj.

6. The parties have directly communicated about the requested information. Mr. Hegyi has informed undersigned counsel that he does not believe the defendant is entitled to the requested information. Defendant counters that he has no other means of obtaining the requested information and that said information is necessary in order to make complete record for this Court to determine whether a joint venture existed between the United States and Trinidad concerning the investigation of the kidnapping of Balram Maharaj.

WHEREFORE, the foregoing considered, defendant prays this Honorable Court for an Order requiring the United States to provide the information requested herein and to make inquiry of officials of the Republic of Trinidad/Tobago to produce copies of the same requested materials.

Respectfully submitted,

_____/s/_____
Steven R. Kiersh #323329
5335 Wisconsin Avenue, N.W., Suite 440
Washington, D.C. 20015
(202) 347-0200

---

[1] Defendant notes that his Trinidadian legal counsel, Theodore Guerra, Esquire, noted an objection to members of the F.B.I. being present at counsel table at court in Port of Spain, Trinidad.

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that a true and accurate copy of the foregoing was served upon Bruce Hegyi, Assistant U.S. Attorney, 555 4th Street, N.W. Washington, D.C. 20530, and all other counsel, via PACER, on this the 16th day of June, 2008

                                      _____/s/_____
                                      Steven R. Kiersh