UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES** | : |
| | : Criminal No. 06-102-10(JDB) |
| v. | : |
| **WAYNE PIERRE** | : |

**REPLY TO GOVERNMENT'S OPPOSITION TO DEFENDANT STRAKER'S
AND DEFENDANT PIERRE'S MOTIONS TO CONDUCT DEPOSITIONS
OF UNAVAILABLE WITNESSES**

This memorandum is in reply to the Government's Opposition to Defendant Straker's and Defendant Pierre's Motions to Conduct Depositions of Unavailable Witnesses (hereafter opposition)[ECF Doc 216].

**Nature of Case**

Defendant Pierre does not disagree with the government's general statement of the nature of the case; however, the statement is incomplete in that it fails to include the fact that a substantial portion of the government's case will involve the submission of other crime evidence as proffered in the Government's Notice of Intention To Introduce Evidence Pursuant to Fed. R. Evid. 404 (B) [ECF Doc 199]. In this regard, the government indicated that it intended to introduce evidence of four other kidnappings in the case, which substantially enlarges

1

the trial testimony in the case. These allegations are: the hostage-taking of Kazin Rahim, who was kidnapped, on or about May 4, 2005, near the corner of Sookia Trace and Arranguez; the hostage-taking of Dexter Jagdeo, on or about December 16, 2004, near Curepe, Trinidad; the hostage-taking of Robin Ramadar, on or about March 25, 2005, near Cor Branch and Queen Street, Aranquez, Trinidad; and, the hostage-taking of Gerald Gopaul, on or about July 8, 2005, in Papouri Village, in San Fernando, Trindad. The other hostage-taking allegations, do not involve any other trial codefendants, except for Mr. Kevin Nixon with respect to the kidnapping of Kazin Rahmin. In one kidnapping, the victim, Kazim Rahmin, appears to be a drug trafficker who was allegedly tortured and, in another, the victim, Gerald Gopaul, died. None of these victims are American citizens and the probative value of such evidence is outweighed by its prejudice.

**Discussion of Government's Opposition**

The government's basic objection is that the motions are without proper foundation in that the defendants are seeking to (1) proceed in a "Star Chamber-like" manner in failing to identify the proposed witnesses; (2) failing to demonstrate how the testimony is material; and (3) provide only a conclusory statement the witnesses will not come to the United States to testify.

**(1)  <u>Star-Chamber Proceedings</u>**

Turning to the first issue, the defendant complied with the Court's Order that all Motions must be filed by June 24, 2008. One such motion was to conduct depositions of unavailable witnesses so as to alert the Court well in advance of trial that certain witnesses are out of the country and that the defense will have no ability to compel their presence at trial through a subpoena. Further, four witnesses at the time of interview expressed their reluctance to travel to the United States to testify at trial. Defendant continues to prefer to have these witnesses appear in court and will continue to seek commitments from these individuals to appear voluntarily instead of proceeding by way of deposition. At a reasonable period of time before trial, if the court grants leave, in the absence of witness commitments, and depending on the court's ruling relating to the other crimes evidence, defendant will advise the government of the witnesses who will be deposed. The government complains that it cannot learn the identities of these individuals now; nonetheless, just as the government does not disclose their witnesses in advance of trial, there is no provision requiring the defendant to disclose his witnesses or defense in advance of trial. It is still possible that depositions may not be needed but for the four witnesses identified by

3

defendant Pierre to the court there are now only two as set forth more fully below that the defense has not yet heard a final commitment. There is also one witness who is incarcerated and it is doubtful can be moved to this country. Finally, defendant has also indicated there may be two to three law enforcement witnesses to be deposed that are yet to be identified. As substantiated by the letters rogatory, the defense has been impeded in investigating the other crimes evidence in Trinidad.  The U.S Attorneys' Office has not provided any police reports, coroner or medical examiner reports, documentation regarding the investigation of the kidnapping incidents, or even any information as to identification procedures relating to the defendant or anyone else in any of the other kidnappings. Further, the government has made no assurance to the court that they will or can make Trinidad law enforcement available for defense testimony. Without having basic information on the Trinidad law enforcement efforts on the other crimes evidence, defendant is unable to determine, which, if any, officers will be needed relating to that evidence. Should one of the kidnapping victims, for example, advised law enforcement that someone else was involved in their kidnapping or provided exculpating information about the defendant, the government would claim the information was not in their possession and as such the defendant would have to produce

the law enforcement official to testify or be deposed if they were unwilling to cooperate in testifying at trial. At the present time, defendant must await whatever other information that can be obtained through letters rogatory.

### (2) Materiality

The government, citing *United States v. Kelley*, 36 F.3d 1118 (D.C. Cir. 1994), states the Kelley court cautioned that the "purpose of Rule 15(a) is to preserve testimony for trial, not "to provide a method of pretrial discovery." The *ex parte* showing identified each witness, the sum and substance of their testimony, and how their testimony would relate to and have a tendency to exculpate the 404(B) evidence. In the showing, the defendant clearly does not seek to depose any government cooperating witness but only seeks to preserve and have the testimony available for trial to confront evidence at trial. In addition, none of the witnesses are believed to have had any previous contact with the U.S. Attorneys's Office and are not government witnesses in Trinidad. Finally, the government is free to object at the time of the deposition on discovery grounds and seek a protective order from the court prior to the start of the deposition should these individuals be unknown government witnesses.

### (3)  Unavailability of Witness

The last ground for opposing the deposition of witnesses is

the government's claim there is no showing of unavailability of witnesses. On pages 1, 2, and 3 of the *ex parte* showing, defendant notes witness (a) is incarcerated in a foreign country. Compare *United States v. Acevedo-Ramos*, 605 F Supp 190 (1984, DC Puerto Rico). Incarceration is an exceptional circumstance of unavailability. It is unlikely that witness will be transported for trial to this country. As for the remaining other witnesses, as explained in the original motion all six witnesses are citizens of Trinidad. At stated in the ex parte motion, two witnesses have agreed to be available for trial, witnesses c and f of the *ex parte* showing. The other four witnesses a, b, d, and e on pages 4 and 5 of the *ex parte* showing expressed an unwillingness or lack of desire to travel from their native country to the United States. Since the filing of the motion, counsel has been advised that Witnesses d and e will appear with transportation and other witness fees covered in advance by the court. We are in the process of contacting witnesses a and b and will know within a few weeks if they will also agree to appear with coverage of the expenses. Accordingly, counsel concedes to a certain extent the government's point that, with the availability of the two reluctant witnesses a and b the showing is conclusory. We also concede that witnesses a, b, and d have not been specifically confronted with a date to appear for trial, been tendered travel

6

authorization and hotel accommodations, and then have them still refuse to appear. With a firm trial date set by the court for December 8, 2008, the defendant can seek to get a final indication of witness amenability to appear in court. The defense is in the process of contacting witnesses a and b for their commitment. As for the two to three law enforcement witnesses as yet unidentified, defendant also requests the court's deference on ruling on this motion until such time as the letters rogatory are answered. In addition, at that time we would be requesting the government to advise whether they would make available foreign law enforcement witnesses for trial, mooting a need to preserve their testimony. See *United States v. Des Marteau*, 162 FRD 372 (1995, MD Fla).

    Wherefore, the defendant requests the court to defer ruling on the motion to take depositions of the two witnesses a and b until the first week of September, by which time he should have a final expressed assent or refusal to appear at trial by each of the four witnesses after they have been tendered the date, travel, and accommodations. Likewise, as to potential law enforcement witnesses from Trinidad, the court is also requested to defer ruling until such time as information is obtained from the letters rogatory. Finally, with respect to witness a, page 1 of the ex

parte showing, the showing of materiality and unavailability has been demonstrated.

Respectfully submitted,

_____/s/_____
John J. Carney
Carney & Carney
601 Pennsylvania Ave. N.W.
South Building, Suite 900
Washington, D.C. 20004
(202) 434-8234
(703)323-9760
Bar No. 241-745

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and accurate copy of the foregoing was served, via Pacer, upon Bruce Hegyi, Assistant U.S. Attorney, and other counsel of record.

_____/s/_____
John J. Carney