UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IN RE: Letter Rogatory to the Republic of Trinidad and Tobago regarding the Prosecution of ANDERSON STRAKER, WAYNE PIERRE, CHRISTOPHER SEALEY, and KEVIN NIXON in <u>United States v. Jason E. Percival, et al.</u>

Criminal No. 06-102 (JDB)

**FILED**

JUL 2 8 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## LETTER ROGATORY REQUESTING INTERNATIONAL ASSISTANCE

FROM THE UNITED STATES DISTRICT COURT
   FOR THE DISTRICT OF COLUMBIA
United States Courthouse
333 Constitution Avenue, NW
Washington, DC 20001
United States of America

TO THE APPROPRIATE JUDICIAL AUTHORITY OF THE REPUBLIC OF TRINIDAD AND TOBAGO

The United States District Court for the District of Columbia requests the assistance of the Courts of the Republic of Trinidad and Tobago in connection with this criminal matter and assures the government of the Republic of Trinidad and Tobago and the appropriate judicial authorities designated to execute this request that the Courts of the United States are authorized to assist foreign tribunals in the execution of letters rogatory for use in criminal matters.

### FACTUAL BACKGROUND

1. Anderson Straker, Wayne Pierre, Christopher Sealey, and Kevin Nixon are citizens of the Republic of Trinidad and Tobago, and face criminal charges under the United

1

States Code. They have been charged with Conspiracy to Commit Hostage Taking Resulting in Death, in violation of 18 U.S.C. § 1203(a), Hostage Taking Resulting in Death, also in violation of 18 U.S.C. § 1203(a), and Aiding and Abetting and Causing an Act to Be Done, in violation of 18 U.S.C. § 2. It is alleged that Mr. Straker, Mr. Pierre, Mr. Sealey, and Mr. Nixon aided and conspired with a group of individuals in Trinidad to kidnap Balram Maharaj, a naturalized citizen of the United States, during a trip home to his native country of Trinidad. It further is alleged that during the time of captivity, Mr. Maharaj died. The maximum criminal penalty for these offenses, in the event of conviction, is life without the possibility of release.

2. Defendants believe that there is evidence relevant and material to their defense which is located in the Republic of Trinidad and Tobago. They therefore have requested that the Court issue this letter rogatory to obtain the requested evidence. A hearing on pretrial motions is scheduled for September 19, 2008. Therefore, the Court requests production of the requested materials as expeditiously as possible before that date. Multiple transmittals of documents, as they become available for production, are acceptable and preferred in order to allow the defendants adequate preparation time. In the event that the documents cannot be produced before September 19, 2008, the Court requests that the Republic of Trinidad and Tobago continue to make efforts to produce the requested materials as expeditiously as possible. Trial in this matter is scheduled to begin on December 8, 2008.

## ASSISTANCE REQUESTED

3. The assistance requested is that the appropriate agency or entity within the government of Trinidad and Tobago provide legible photocopies of the following documents and identify the source of the documents, including the names, business addresses, and the telephone number of all persons and/or agencies, civilian or military, providing the documents. Such

documents may, with respect to law enforcement, be commonly known to exist or be kept in law enforcement "Blue Files."

- (A) Reports reflecting the nature, location, source and/or identity of evidence obtained by any person or agency of the government of Trinidad/Tobago, in relation to the kidnapping of Balram Maharaj.

- (B) Copies of the seal or other proof of authority of the person, agency or entity in control of the documents requested herein.

- (C) Copies of photographs taken by any person or agency of the government of Trinidad/Tobago at any scene related to the kidnapping of Balram Maharaj.

- (D) Any photographs used in any identification procedure involving Anderson Straker, Wayne Pierre, Christopher Sealey, or Kevin Nixon that were employed by any person or agency of the government of Trinidad/Tobago.

- (E) Records of any physical evidence collected concerning the kidnapping of Balram Maharaj.

- (F) Copies of any written statements provided to any individual or agency of the government of Trinidad/Tobago concerning the kidnapping of Balram Maharaj.

- (G) Copies of any written memoranda reflecting statements made to any agent of the government of Trinidad/Tobago related to the events surrounding the kidnapping of Balram Maharaj.

- (H) Any materials which were disseminated by, at the behest of, or on behalf of the government of Trinidad/Tobago which offered a reward for information about the kidnapping of Balram Maharaj.

- (I) Any warrants or other legal process issued by any authority of the government of Trinidad/Tobago for the arrest of any person in connection with the kidnapping of Balram Maharaj.

- (J) Any videotape or audiotape of any witness interviewed by any person or agency of the government of Trinidad/Tobago regarding the kidnapping of Balram Maharaj.

- (K) Reports of tests or examinations performed on any of the items of evidence recovered from the investigation into the kidnapping of Balram Maharaj.

- (L) Any reports of identification procedures employed by any person or agency of the government of Trinidad/Tobago with any witness to the kidnapping of Balram Maharaj, including the results of such procedures.

(M) All transcripts of any public court proceedings whether civil or criminal, held in Trinidad/Tobago that relate to the kidnapping of Balram Maharaj.

(N) All police records and court records that pertain to prior kidnapping charges against David Suchit that are maintained by the government of Trinidad/Tobago.

(O) Transcripts of the testimony of David Suchit for all hearings in which he testified in the criminal case involving the prosecution of Vijay Mungroo and others for the kidnapping and murder of Edmund Mitchell on or about January 10, 1990.

(P) Statements made by David Suchit at any time to the police or any other agent of Trinidad/Tobago concerning the murder of Edmund Mitchell on or about January 10, 1990.

(Q) Statements made by David Suchit to any police department or other agent of the government of Trinidad/Tobago about any alleged crime that was committed in Trinidad/Tobago on any date.

(R) All records, reports, notes, and/or communications that were prepared by or are maintained by any individual, institution, or agent of Trinidad/Tobago that pertain to the mental health and/or mental competence of Russell Joseph.

(S) All public court records pertaining to the case of Doreen Alexander v. Balram Maharaj.

(T) All records and statements to any agent of the government of Trinidad/Tobago regarding David Suchit's participation in a type of Witness Protection Program.

(U) All notes, memoranda, correspondence or other communications concerning statements made to any agent of the government of Trinidad/Tobago by Neermal John about the investigation into the kidnapping of Balram Maharaj.

(V) All written statements made by Neermal John to any agent of the government of Trinidad/Tobago concerning the death of Balram Maharaj.

(W) All medical records of Anderson Straker from any treatment facility that he was referred to while in police custody in Trinidad/Tobago for the kidnapping of Balram Maharaj.(These records are reportedly maintained at the George Street Health Centre, 3-5 Jerningham Place, Trinidad. Mr. Straker was ordered to be treated at that facility by a Court of Trinidad).

(X) All records and information as to any criminal charge, conviction, or arrest, whether an arrest resulted in a conviction or not, for the following individuals in subsections (a) through (p). Such records and information include, but is not limited to: the date and place of conviction, a certified copy of any record of conviction, and all disclosable documents in "Blue Files" or law enforcement records as to a summary of any charge, arrest, or conviction:

4

(a) David Suchit a/k/a/ Michael Suchit, Sodgan Suchit, Scarface (D.O.B. January 15, 1974), possible address LR 74 Belle View Drive, Old Arima Road, Arima, Belle View, LaResource Road, D'Abadie. Cr Number 839.

(b) Winston Gittens, a/k/a Loao (D.O.B. April 22, 1953), last known address of 19 Mootoo St. Marabella. Cr Number 16254;10904

(c) Doreen Alexander Durity (D.O.B. December 28, 1965), last known address 10 Nelson Street, Arima, CR Number 109721.

(d) Leon Nurse, (D.O.B. unknown), CR Number 109954

(e) Zion Clarke, a/k/a/ Ieah Clarke (D.O.B. November 17, 1977), last known address Blanch Street Bourg, Malatress Lower Santa Cruz

(f) Jason Percival, (D.O.B. February 24, 1973), last known address Burloang # 2Apartment # 4, Pleasant Ville Avenue, Pleasantville, C.R. No. 37586

(g) Russel Joseph, (D.O.B. December 12, 1972), last known address Light Pole 68 Grand Curaye Road Bourg, Mulatress, Cr. No 16937;18624.

(h) Russell Joseph, a/k/a/ Joe, Runs, James Joseph, Inerz Williams (D.O.B. February 16, 1948), Cr No. 27405;55409;18624.

(i) Russell Joseph, a/k/a Shawn Segal, Don, Ten Cents Edmund (D.O.B. November 16, 1967), last known address 53 Stone Road Piparo LP 57 Pascall Road, Piparo.

(j) Russell Joseph (D.O.B. October 27, 1988), last known address Roopsingh Street, Sangre Grande, Cr. 109646.

(k) Russell Joseph, a/k/a Yardu (D.O.B. 1958), last residence 181 Cipero Rd. Victoria Village, Cr. 103076.

(l) Russel Joseph (D.O.B. February 19, 1961), last residence Jemingham Junction Cunupia, Cr. 93433.

(m) Kazim Rahim (kidnapped May 4, 2005)

(n) Dexter Jagdeo (kidnapped December 16, 2004)

(o) Robin Ramadar (kidnapped March 4, 2005)

5

  (p)  David Sealey

  (q)  Hugh Sealey

(Y) Documents pertaining to the alleged kidnapping of Kazim Rahim, Dexter Jagdeom, and/or Robin Ramadar, including:

  (a)  Reports reflecting the nature, location, source and/or identity of evidence obtained by any person or agency of the government of Trinidad/Tobago, in relation to the kidnapping of Rahim, Jagdeo, or Ramadar.

  (b)  Copies of the seal or other proof of authority of the person, agency or entity in control of the documents requested herein.

  (c)  Copies of photographs taken by any person or agency of the government of Trinidad/Tobago at any scene related to the kidnapping of Rahim, Jagdeo, or Ramadar.

  (d)  Photographs used in any identification procedure involving Kevin Nixon or Wayne Pierre that were employed by any person or agency of the government of Trinidad/Tobago related to the kidnapping of Rahim, Jagdeo, or Ramadar.

  (e)  Records of any physical evidence collected concerning the kidnapping of Rahim, Jagdeo, or Ramadar.

  (f)  Any written statements provided to any individual or agency of the government of Trinidad/Tobago concerning the kidnapping of Rahim, Jagdeo, or Ramadar.

  (g)  Any written memoranda reflecting statements made to any agent of the government of Trinidad/Tobago related to the events surrounding the kidnapping of Rahim, Jagdeo, or Ramadar.

  (h)  Any materials which were disseminated by, at the behest of, or on behalf of the government of Trinidad/Tobago which offered a reward for information about the kidnapping of Rahim, Jagdeo, or Ramadar.

  (i)  Any warrants or other legal process issued by any authority of the government of Trinidad/Tobago for the arrest of any person in connection with the kidnapping of Rahim, Jagdeo, or Ramadar.

  (j)  Any videotape or audiotape of any witness interviewed by any person or agency of the government of Trinidad/Tobago regarding the kidnapping of Rahim, Jagdeo, or Ramadar.

  (k) Any reports of identification procedures employed by any person or agency of the government of Trinidad/Tobago with any witness to the kidnapping of Rahim, Jagdeo, or Ramadar, including the results of such procedures and any failure to identify Kevin Nixon or Wayne Pierre.

  (l) All records, reports, notes, and/or communications that were prepared by or are maintained by any individual, institution, or agent of Trinidad/Tobago that pertain to the mental health and/or mental competence of Rahim, Jagdeo, or Ramadar.

4. **Certificate Needed to Authenticate Official Government Records:** Have the person providing the official documents attach an Attestation of Authenticity of Official Records (form provided, see Attachment No. 1).

The execution of the attached Attestation of Authenticity of Official Records is needed to receive the requested records into evidence in accordance with the requirements of United States law. Ordinarily official government records may be received into evidence only if an appropriate representative of the government appears at trial as a witness and testifies to the authenticity of the records and the manner in which they are prepared and maintained at the government office. However, in the case of foreign officials, the appearance and testimony at trial of that representative may not be required if the records (or true copies) are accompanied by a written declaration such as the attached certificate. <u>This procedure is set forth by statute and is required to authenticate official records in United States courts.</u>

5. **Certificate Needed to Authenticate Business Records:** If nongovernmental business documents are produced (for example, mental or medical health records as requested in subsections 3(R), (W) and (Y)(*l*)), please have the person providing the documents attach a Certificate of Authenticity of Business Records (form provided, see Attachment No. 2).

The execution of the attached Certificate of Authenticity of Business Records is needed to

receive the requested records into evidence in accordance with the requirements of United States law. Ordinarily business records may be received into evidence only if an appropriate representative of the business appears at trial as a witness and testifies to the authenticity of the records and the manner in which they are prepared and maintained at the business office. However, in the case of foreign businesses, the appearance and testimony at trial of that business representative may not be required if the records (or true copies) are accompanied by a written declaration such as the attached certificate. <u>This procedure is set forth by statute and is required to authenticate business records in United States courts.</u>

6.   Provide the documents requested (including the Attestation of Authenticity of Official Records (Attachment No. 1) and/or Certificate of Authenticity of Business Records (Attachment 2) to the United States District Court for the District of Columbia, 333 Constitution Avenue, N.W., Washington, DC 20001, Attention: Judge John D. Bates.

Please accept the assurance of our highest esteem.

_____
JOHN D. BATES
United States District Judge
United States District Court
for the District of Columbia

Date:   July 28, 2008

# ATTESTATION OF AUTHENTICITY OF OFFICIAL RECORDS

I, _____, (NAME) attest that

my position with the Government of the Republic of Trinidad and Tobago is

_____ and that I am authorized by the laws of the Government of the

Republic of Trinidad and Tobago to attest that the documents attached hereto and

described below:

    (1) The documents are true copies of original records which are authorized by the

        laws of the Republic of Trinidad and Tobago to be recorded or filed in

        _____ which is _____ (name of public office or agency)

        a public office or agency.

    (2) The documents set forth maters which are required by the laws of the

        Republic of Trinidad and Tobago to be recorded or filed and reported.

Description of Documents: _____

_____

(SEAL)

Signature

_____
Printed name

_____
Date

_____
Address of public office or agency

_____
Telephone Number

**Attachment No. 1**

## CERTIFICATE OF AUTHENTICITY OF BUSINESS RECORDS

I, the undersigned,_____,

With the understanding that I am subject to criminal penalty under the laws of the Republic of Trinidad and Tobago for an intentionally false declaration, declare that I am employed/associated with _____ in the position of _____ and by reason of my position am duly authorized and qualified to make this declaration.

I further declare that the documents attached hereto are originals or true copies of records which:

1. Were made at or near the time of the occurrence of the matters set forth herein, (or from information transmitted by) a person with knowledge of those matters:

2. Were kept in the ordinary course of regularly conducted business activity;

3. Were made by the said business activity as a regular practice; and

4. If not original records, are duplicates of original records.

The originals or duplicates of these records are maintained in the republic of Trinidad and Tobago.

Date of execution: _____

Place of execution:: _____

Signature:_____

Printed Name: _____

Address of business: _____

Telephone Number: _____

**Attachment No. 2**