IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** § | | |
| § | | |
| § | | |
| § | | |
| - vs - § | CRIMINAL No.   06-102-10(JDB) | |
| § | | |
| § | | |
| **WAYNE PIERRE,** § | | |
| § | | |
| Defendant. § | | |
| § | | |

**GOVERNMENT'S RESPONSE TO MOTION TO FOR
DISCOVERY AND NOTICE OF RULE 12(b)(4)(B) EVIDENCE**

The United States of America ("United States" or "government") hereby responds to the motion of defendant Wayne Pierre, his Motion for Discovery and Notice of Rule 12(b)(4)(B) Evidence (Document #195), and states as follows:

Defendant has requested discovery and notice under Rule 12(b)(4)(B) with respect to the following items:

1. Any statement or "admissions by conduct" made by the defendant to whomever and wherever made.  The defendant has been advised of a statement of the defendant given on January 28, 2009, and the defendant has filed a motion to suppress that statement.  Defendant seeks disclosure of any additional statements that might be subject to a suppression motion.
2. Any items, objects or information received as the product of a search executed by government agents.
3. Any recordings made pursuant to wiretaps, whether authorized or unauthorized . . .
4. Any pre-trial identification procedure used including, but not limited to, line-ups, photo spreads, one on one show-ups, and displays of one or more photographs and displays to one or more witnesses or potential witnesses.  The defendant also specifically requests production of all lineup photos, photographic show-ups and reports relating the results of such procedures as well as a statement of the circumstances surrounding such procedures.
5. Any other evidence arguably obtained in violation of any federal, state, or local law, including agency regulations.

6. Any grand jury testimony the government has reason to think was perjured.

With respect to discovery, the Government recognizes its discovery obligations set forth in Rule 16, and the government is meeting its obligations thereunder and has produced many documents and things that are "within the government's possession, custody, or control...." *See* Rule 16(a)(1)(E). The government has provided copious discovery to defendant Pierre, including materials on many of the topics which he raises.

Concerning out-of-court prior identifications of Mr. Pierre, Mr. Pierre was identified from a photo array shown by the FBI to a witness on August 11, 2006. The photo array is attached hereto as Addendum One. It appears that the Government inadvertently did not provide this information to defendant at an earlier date. The Government does not object to the defendant filing a motion to suppress this identification evidence if he so desires.[1]

With respect to notice under Rule 12(b)(4)(B), the government hereby objects in part and notifies the defendant and the Court that with respect to its intention to use certain listed items in its case-in-chief. It is the position of the government that Rule 12(b)(4)(B) does not expand the scope of the discovery to which the defendant is entitled under Rule 16. With regard to the items for which defendant requests notice under Rule 12:

---

[1] In reviewing that state of discovery, it has come to the attention of the Government that through an oversight it has not earlier provided some similar identification evidence to defendants Straker and Nixon. The Government will formally provide that information and copies of the arrays as soon as practicable. The other identification evidence consists of the following: on that same day as the identification of Mr. Pierre, August 11, 2006, that same witness viewed the other photo arrays and selected defendants Anderson Straker and Kevin Nixon; on September 13, 2006, a different witness viewed a photo array and selected Anderson Straker; that same witness (from September 13, 2006) again viewed that array (with his previous markings on it) on June 18, 2007 in the grand jury and again identified Mr. Straker. The government, of course, has no objection to the defendants filing motions to suppress any of the identification testimony noted above.

1. Any statement or "admissions by conduct" made by the defendant to whomever and wherever made.  The defendant has been advised of a statement of the defendant given on January 28, 2009, and the defendant has filed a motion to suppress that statement.  Defendant seeks disclosure of any additional statements that might be subject to a suppression motion.  **Response:** The government is not aware of any other statements by Mr. Pierre that are arguably the product of custodial interrogation.  With regard to the statement which was previously disclosed, the Government does not plan to offer that statement in its case-in-chief.

2. Any items, objects or information received as the product of a search executed by government agents.  **Response:** At present, the government is not aware of any material arguably falling into this category that has not been previously disclosed.  The government may use at trial all or any of the items, objects or information previously disclosed.

3. Any recordings made pursuant to wiretaps, whether authorized or unauthorized . . .
   **Response:** At present, the government is not aware of any material arguably falling into this category.

4. Any pre-trial identification procedure used including, but not limited to, line-ups, photo spreads, one on one show-ups, and displays of one or more photographs and displays to one or more witnesses or potential witnesses.  The defendant also specifically requests production of all lineup photos, photographic show-ups and reports relating the results of such procedures as well as a statement of the circumstances surrounding such procedures.  **Response:** The government does intend to use material in this category, including that contained above in this pleading, in its case-in-chief.

5. Any other evidence arguably obtained in violation of any federal, state, or local law, including agency regulations.  **Response:** The government objects to this request as improper and not within the proper scope of Rule 16 or Rule 12(b)(4)(B).

6. Any grand jury testimony the government has reason to think was perjured.  **Response:** The government objects to this request as improper and not within the proper scope of Rule 16 or Rule 12(b)(4)(B).

WHEREFORE, the government has responded and provided the requested notice under Rule 12(b)(4)(B).

                Respectfully submitted,

                JEFFREY A. TAYLOR (D.C. Bar No. 498610)
                United States Attorney

                /S/
By:  _____

                JEANNE M. HAUCH (D.C. 426585)
                Assistant United States Attorney
                National Security Section
                555 Fourth Street, N.W., 11th Floor
                Washington, D.C. 20530
                (202) 514-5776
                Jeanne.M.Hauch@usdoj.gov

                BRUCE R. HEGYI (D.C. Bar No. 422741)
                Assistant United States Attorney
                Federal Major Crimes Section
                555 Fourth Street, N.W., Room 4848
                Washington, D.C. 20530
                (202) 305-9637
                (202) 353-9414 (fax)
                www.bruce.hegyi@usdoj.gov

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and accurate copy of the foregoing was served upon the following counsel, electronically, on this 8th day of August, 2008:

Steven R. Kiersh
5335 Wisconsin Avenue, N.W.
Suite 400
Washington, DC 20015
*Counsel for Anderson Straker*

John J. Carney
Carney & Carney
601 Pennsylvania Avenue, NW
Suite 900 - South Building
Washington, DC 20004
*Counsel for Wayne Pierre*

Pleasant S. Brodnax, III
The Mills Building, Suite 400
1700 Pennsylvania Avenue, NW
Washington, DC 20006
*Counsel for Kevin Nixon*

Patrick M. Donahue
Donahue Law Firm
18 West Street
Annapolis, MD 21401
*Counsel f or Christopher Sealy*

/s/

Jeanne M. Hauch

ADDENDUM ONE