```
              UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA       :
                               :  Criminal No.06-102-10(JDB)
                               :
     V.                        :
                               :
                               :
                               :
                               :
WAYNE PIERRE, ET AL            :
```

### REPLY TO GOVERNMENT'S OPPOSITION TO STRAKER, SEALEY, AND PERRE MOTIONS FOR SEVERANCE OF DEFENDANTS

The defendant Wayne Pierre, through undersigned court-appointed counsel, respectfully responds to the Government's Opposition to Straker, Sealey, and Pierre Motions for Severance of Defendants [ECF Filing 253]. Defendant Pierre's motions to sever are ECF Filing Numbers 192 and 198.

### Bruton Basis for Severance

Among the several grounds raised for severance, the defendant noted the government indicated in discovery their proposed use in its entirety of the statements of codefendants Stracker, Nixon and Sealey. The government now indicates it will not introduce the statement of codefendant Nixon but still intends to introduce the statements of the following: (1) Mr. Sealey's statement to the Trinidadian authorities, (2) Mr. Sealey's statement to FBI, and (3) Mr. Straker's statement to FBI. The government adds: "At such time, the government will address the Bruton issue by substituting

terms as "person" or "someone else" whenever any references to Mr. Pierre or his pseudonyms occur."

While defendant acknowledges the various cases recited by the government in its opposition, such as *Gray v. Maryland*, 523 U.S. 185 (1998) and *Richardson v. Marsh*, 481 U.S. 200 (1987), that have dealt with attempts to redact out-of-court statements by non-testifying defendants to the co-defendant's existence, there are substantial difficulties with the Confrontation Clause with confessions or statements that interlock. Likewise, before the *Gray* decision, in *Foster v. United States*, 548 A. 2d 1370, 1378 (D.C. Cir. 1988) references to codefendant by such substitutions as blank, were found constitutionally deficient. See also, *Hodges v. Rose*, 570 F. 2d 643, 647 (6th Cir. 1978), *cert*. denied, 436 U.S. 909 (1978) "other man; *Serio v. United States*, 401 F. 2d 989, 990 (D.C. Cir. 1968 (per curiam); and, named person," *Greenwell v. United States*, 336 F. 2d 962, 969 (D.C. Cir. 1964. See generally *Criminal Practice Institute Practice Manual*, Vol II, (Ed. The Public Defender Service for the District of Columbia,) Vol II, 19.13 (2003). In <u>Carpenter v. United States</u>, 430 A. 2d 496, 505 n. 15 (D.C.1981) (en banc) the Court noted severance is required unless redaction "effectively eliminates from the out of court statement references to the nondeclarant codefenant including references which, when placed in conjunction with the redacted

2

statement, make it clear the deleted portions or names refer to the codefendant.

As it stands now, the government has not attempted to provide a detailed redacted statement for codefendant Straker or Sealey in comparison with deletion of references to defendant Pierre to demonstrate that *Bruton* objections can be overcome. As such the government suggestion to redact the statements to avoid *Bruton* confrontation rights is merely a vague proffer without substance and, accordingly, the defendant requests the Court to grant his motion for severance.

Respectfully submitted,

_____/s/_____
John J. Carney
Carney and Carney
601 Pennsylvania Ave., N.W., Suite 900
Washington, D.C. 20004
(202) 434-8234
Fax No. (703) 323-9760
Bar No. 241-745

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and accurate copy of the foregoing was served, via Pacer, upon Bruce Hegyi, Assistant U.S. Attorney, and other counsel of record.

_____/s/_____
John J. Carney